Albert A. Addelston and Sarah A. Addelston v. Commissioner.
Addelston v. Commissioner
Docket No. 4608-63.
United States Tax Court
T.C. Memo 1965-215; 1965 Tax Ct. Memo LEXIS 116; 24 T.C.M. (CCH) 1114; T.C.M. (RIA) 65215; August 10, 1965
Albert A. Addelston, pro se, 65-43 170th St., Flushing, N. Y. Kennard I. Mandell, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in petitioners' income tax in the amount of $739.57 for the taxable year 1961. The issues before the Court are whether petitioners are allowed to take deductions for certain automobile and entertainment expenses claimed in their 1961 income tax return. Findings of Fact Some of the facts were orally stipulated. The stipulated facts and exhibits incorporated therein are found accordingly herein. Petitioners, Albert A. Addelston (hereinafter referred to as petitioner) and Sarah A. Addelston, filed a joint Federal income tax return for the taxable year 1961 with the district director of internal revenue, Brooklyn, *117 New York. During the taxable year in issue, petitioner was employed as a salesman by Miro's Van & Express Co., Inc. (hereinafter referred to as Miro's), located in Jamaica, New York. In such capacity petitioner was required to interest summer camp owners in engaging Miro's trucking services for the delivery of camp trunks. These duties required petitioner to travel within a radius of 40 to 50 miles from Jamaica, New York. Petitioner also was employed as an insurance salesman by Manhattan Casualty Co., located in Flushing, New York, for a period of three and one-half months during 1961. In soliciting prospective insurance customers, petitioner was required to travel within a radius of 30 to 40 miles from Flushing, New York. Petitioner purchased a 1959 Oldsmobile sedan on May 7, 1959, on a three-year contract which required him to pay $78.82 per month. Petitioner used said automobile in connection with both of his jobs on the average of seven days a week. (The amount of personal use was de minimis.) He claimed a deduction on his 1961 income tax return for automobile expenses, itemized as follows: Auto payments
$ 945.84
Operating cost of auto
840.00
Auto repairs
364.50
Total
$2,150.34
*118 Petitioner submitted in partial support thereof (1) a group of bills representing repairs totaling $124.58, (2) a group of bills representing purchases of gas and oil totaling $117.67, and (3) a retail installment contract in connection with his 1959 Oldsmobile. Petitioner merely estimated the amount of automobile expenses which exceeded the sums shown on the bills submitted. Petitioner also claimed a deduction for entertainment expenses in the amount of $750. Respondent disallowed all of the abovementioned deductions. Opinion The first question to be decided is whether petitioner is entitled to a deduction in the amount of $945.84 representing 12 monthly installment payments made by him during the taxable year 1961 on the purchase price of his 1959 Oldsmobile. We do not believe petitioner is entitled to a deduction therefor. The cost of the automobile itself is a capital expenditure and is not deductible as a business expense. To the extent the monthly payments called for by the installment contract included an interest charge, petitioner introduced no evidence showing an allocation between principal and interest. Petitioner has not claimed a deduction for depreciation *119 on his automobile nor has he introduced any evidence which would tend to establish a basis for allowing a depreciation deduction thereon. Therefore, we hold for respondent on this issue. Petitioner claimed operating costs of $840 and repairs of $364.50. He submitted in partial support thereof a group of bills representing repairs totaling $124.58 and a group of bills representing purchases of gas and oil totaling $117.67. Petitioner relies upon his own testimony to substantiate that portion of his claim for automobile deductions in excess of the bills submitted. Such testimony consists of estimates. His testimony is at best vague. However, we are convinced (1) that petitioner did use his car primarily in his work for Miro's and Manhattan Casualty, [1] (2) that such use was ordinary and necessary in petitioner's business activities, and (3) that the cost of such use exceeded the sum of the amounts shown on the bills submitted by petitioner.
*120 Bearing heavily upon petitioner for his own inexactitude in failing to keep records of his actual automobile expenses, we conclude that he incurred and paid automobile expenses in connection with his business in the amount of $600. Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930). Therefore, he is entitled to a deduction of $600 as an ordinary and necessary business expense under section 162 of the Internal Revenue Code of 1954. Petitioner claimed entertainment expenses of $750. He testified that he spent an average of $10 to $15 weekly entertaining summer camp owners in connection with his duties for Miro's. Petitioner relies solely upon his testimony to support his claim for the entire entertainment deduction. Giving his testimony full consideration, it must be concluded that petitioner has failed to establish (1) the amount of the alleged expenditures and (2) that, if made, they were ordinary and necessary expenses of his business activities. Therefore, such estimated expenses must be disallowed. Decision will be entered under Rule 50. Footnotes
1. Although petitioner admitted that he occasionally used his automobile for some purposes not connected with his business, we are satisfied from the evidence as a whole that any such use was so inconsequential as to require no further consideration in this case. R. Golden Donaldson, 18 B.T.A. 230, 232↩ (1929).